## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAYLENE M. QUILES,

        Plaintiff,

v.                                      No. 16cv1293 MCA/SCY

UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 23, 2016 ("Application"), on her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 23, 2016 ("Complaint").   For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and provided the following information: (i) her average monthly income during the past 12 months was $0.00 and her income amount expected next month is $0.00; (ii) she owns no assets; (iii) her monthly expenses are $0.00; and (iv) she has no cash and has no money in bank accounts.  Because of she has had no income during the past year with no income expected next month, and because she is unemployed, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff asserts claims under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA"). The only allegations in the Complaint are:

> Discrimination/I have a disability and was terminated. The USDA, Steve Romero, Thomas J. Vilsak Secretary of Agriculture
> . . . .
> Discrimination on my disability and background
> . . . .
> Steve Romero terminated me because of my disability + background. . . . He fired me on leave of bereavement because of my disability bipolar + PTSD. Other employees had actions but mine was dismissed. I have text messages and my termination notice.

3

Complaint at 2-3.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction because Plaintiff has not alleged sufficient facts to establish the Court's jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

"The exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court under . . . the Rehabilitation Act."  *Showalter v. Weinstein*, 233 Fed.Appx. 803, 804 (10th Cir. 2007) ("Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies," referring to the procedures described generally in 29 C.F.R. pt. 1614).  "[T]he ADA requires a plaintiff to exhaust her administrative remedies before filing suit" and "exhaustion of administrative remedies is a jurisdictional prerequisite to suit."  *Jones v. United Parcel Serv., Inc.,* 502 F.3d 1176, 1183 (10th Cir.2007).  Plaintiff indicates she is asserting jurisdiction pursuant to "EEOC Request #05970561," but has not alleged any facts showing that she has exhausted her administrative remedies, including the date of

termination of her employment, the dates and description of any steps she took, if any, to exhaust her administrative remedies, and the scope of the allegations raised in her EEOC charge(s). Complaint at 2.

The Court notes that the Complaint also fails to state a claim.   Plaintiff is suing pursuant to 29 U.S.C. §§ 791 *et seq.* "which requires federal agencies to affirmatively act to employ disabled individuals."  *Wells v. Shalala*, 228 F.3d 1137, 1144 (10th Cir. 2000).   Section 794 provides in relevant part: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity conducted by any Executive agency. . . ."  *Wells v. Shalala*, 228 F.3d at 1144.   "To qualify for relief under § 794(a), which applies ADA standards to federal-agency employment discrimination . . . Plaintiff must demonstrate that (1) he is a disabled person within the meaning of the law, (2) he is qualified for the job, and (3) he was discriminated against because of his disability."  *Wells v. Shalala*, 228 F.3d at 1144.   Plaintiff makes the conclusory allegations that she is disabled and that she was terminated because of her disability.   However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Plaintiff has not alleged that she is disabled within the meaning of the applicable laws, that she is qualified for the job from which she was terminated, or any facts showing that she was terminated because of her disability.   *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a

claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff may file an amended complaint within 21 days of entry of this Order.   *See Hall v. Bellmon*, 935 F.2d at 1110 n.3 ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim and establishes that this Court has jurisdiction.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 23, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 23, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE