IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAYLENE M. QUILES,

        Plaintiff,

v.                                             No. 16cv1293 MCA/SCY

UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 7, filed February 28, 2017 ("Amended Complaint"). For the reasons stated below, the Court will **DISMISS** this case **without prejudice**.

Plaintiff's original Complaint asserted claims under the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA"). The only allegations in the original Complaint are:

> Discrimination/I have a disability and was terminated.  The USDA, Steve Romero, Thomas J. Vilsak Secretary of Agriculture
> . . . .
> Discrimination on my disability and background
> . . . .
> Steve Romero terminated me because of my disability + background. . . . He fired me on leave of bereavement because of my disability bipolar + PTSD.  Other employees had actions but mine was dismissed.  I have text messages and my termination notice.

Complaint at 2-3.

The Court dismissed the Complaint without prejudice for lack of jurisdiction because Plaintiff did not allege sufficient facts to establish the Court's jurisdiction over this matter. *See* Doc. 6. The Court explained that the exhaustion of administrative remedies is a jurisdictional

prerequisite to instituting an action in federal court under the ADA and the Rehabilitation Act. The Court notified Plaintiff that she has the burden of alleging facts that support jurisdiction and that she "has not alleged any facts showing that she has exhausted her administrative remedies, including the date of termination of her employment, the dates and description of any steps she took, if any, to exhaust her administrative remedies, and the scope of the allegations raised in her EEOC charge(s)." Doc. 6 at 4-5. The Court granted Plaintiff leave to file an amended complaint.

Despite the Court's notice to Plaintiff, her Amended Complaint does not allege any facts showing that she has exhausted her administrative remedies, including the date of termination of her employment, the dates and description of any steps she took, if any, to exhaust her administrative remedies, and the scope of the allegations raised in her EEOC charge(s).

The Court will dismiss this case without prejudice because Plaintiff's Amended Complaint does not allege sufficient facts to establish the Court's jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**